**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD A. DEMPSEY, Individually and on Behalf of All Others Similarly Situated )<br><br>Plaintiff, )<br><br>-v- )<br><br>DAVID P. VIEAU and DAVID J. PRYSTASH )<br><br>Defendants. ) | Case No.: 13-cv-6883 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**

Lead Plaintiff movant Huang YiFeng ("Movant") respectfully moves for an order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (i) appointing Movant as Lead Plaintiff of the class of purchasers of the securities of A123 Systems, Inc. ("A123" or the "Company"); and, (ii) approving Movant's selection of Sarraf Gentile LLP and Vianale & Vianale LLP as Co-Lead Counsel for the Class.

## INTRODUCTION

This action was commenced on September 27, 2013, on behalf of security purchasers of A123 from February 28, 2011 to October 16, 2012, inclusive (the "Class" and the "Class Period"), seeking remedies under the Exchange Act.  Plaintiff alleged that during the Class Period Defendants made several statements regarding the Company's prospects and sales.

Movant seeks to be appointed Lead Plaintiff and requests that the Court approve his selection of Co-Lead Counsel.  Movant purchased a total of 100,000 shares of Company stock

during the Class Period and suffered estimated losses of $35,433.34.  Movant has also retained counsel with expertise in the prosecution of securities class actions such as this.  Accordingly, the motion should be granted.

## ARGUMENT

**A.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

### 1 .    The Procedure Mandated by the PSLRA For Appointment of Lead Plaintiffs

The PSLRA amended the Exchange Act by addressing various matters relating to private lawsuits brought thereunder.  The PSLRA added Section 21D to the Exchange Act, codified at 15 U.S.C. § 78u-4.  This section established a procedure for the appointment of a "lead plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1).

First, the plaintiff who files the first action shall publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).  The first such notice in the above-titled action was published on September 27, 2013.  *See* Declaration of Ronen Sarraf ("Sarraf Decl."), Exhibit A.  Second, within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I).  The PSLRA provides the following standard for determining who is the "most adequate plaintiff:"

> [T]he court shall adopt a . . . presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>> (aa) has either filed the complaint or made a motion in response to a notice [within 60 days of publication of the notice];
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Pirelli Armstrong Tire Corp. v. LaBranche & Co.*, 229 F.R.D. 395, 419-20 (S.D.N.Y. 2004); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45-46 (S.D.N.Y. 1998).

### 2. Movant Satisfies The Lead Plaintiff Requirements of the PSLRA

#### (i) Movant has Complied with the Procedural Requirements of the PSLRA

The statutory 60-day period in which motions for appointment as lead plaintiff must be filed expires on November 26, 2013. This Motion is thus timely. The Motion also includes a Certification from Movant setting forth, among other things, his transactions in A123 securities, and indicating his willingness to serve as a representative party on behalf of the class. *See* Certification, Sarraf Decl., Ex. B. Movant purchased 100,000 shares of A123 stock during the Class Period with estimated losses of $35,433.34. Finally, Movant has retained competent and experienced counsel. *See* Firm Resumes, Sarraf Decl., Ex. C.

#### (ii) Movant Otherwise Satisfies the Requirements of Rule 23

In addition to satisfying the procedural requirements set forth above, a lead plaintiff must fulfill some, but not all, of the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that a party may serve as a class representative if the following four

prerequisites are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and, (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).[1]  Where a movant's claims arise out of the same course of conduct and are based on the same legal theories as those of other class members, and the movant has suffered the same injuries as absent class members and appears to be able to fairly and adequately represent the class, then the movant has satisfied these requirements.  *See Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 419-20; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 45-46.

Here, Movant purchased Company stock during the Class Period at prices alleged to have been artificially inflated by Defendants' false and misleading statements and was damaged thereby.  Moreover, because Movant purchased 100,000 shares and lost $35,433.34 in connection with his purchase of A123 stock during the Class Period, *see* Sarraf Decl. Ex. B, he has an incentive to vigorously prosecute this action on behalf of the Class.  Movant has also retained counsel with considerable experience in the prosecution of securities fraud class actions. *See* Sarraf Decl., Ex. C.  For all of these reasons, Movant meets the relevant requirements of Rule 23 for purposes of appointment as Lead Plaintiff.

**B.     THE COURT SHOULD APPROVE MOVANTS'
        CHOICE OF CO-LEAD COUNSEL**

Pursuant to Section 21 D(a)(3)(B)(v) of the Exchange Act, a movant shall, subject to the approval of the Court, select and retain lead counsel to represent the Class.

---

[1]  Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-264 (3d Cir. 2001).

Movant here has selected and retained Sarraf Gentile LLP and Vianale & Vianale LLP as Co-Lead Counsel.  Both firms have leading roles in numerous actions on behalf of defrauded investors and have recovered millions of dollars on their behalf.  Proposed Co-Lead Counsel are able and prepared to commit the necessary resources to prosecute this action and minimize duplication of cost and effort.  The Court should, therefore, approve Movant's selection of Co-Lead Counsel.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court appoint him as Lead Plaintiffs and approve his selection of Co-Lead Counsel.

Dated: New York, New York
      November 26, 2013                         Respectfully submitted,

**SARRAF GENTILE LLP**

  /s/ Ronen Sarraf
Ronen Sarraf
ronen@sarrafgentile.com
Joseph Gentile
joseph@sarrafgentile.com
1055 Franklin Avenue, Suite 204
Garden City, New York 11530
Tel: (516) 699-8890
Fax: (516) 699-8968

**VIANALE &VIANALE LLP**
Kenneth J. Vianale
2499 Glades Road, Suite 112
Boca Raton, FL  33431
Tel: (561) 392-4750
Fax: (561) 392-4775

*Attorneys for Movant*