UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. DEMPSEY, Individually and on Behalf Of All Others Similarly Situated,<br><br>                       Plaintiff,<br>v.<br><br>DAVID P. VIEAU and DAVID J. PRYSTASH,<br>                       Defendants. | 13 Civ. 6883 (LTS) (SN) |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF DR. JEFFREY SHUHAIBER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

A123 Systems, Inc. ("A123" or the "Company") investor Dr. Jeffrey Shuhaiber ("Dr. Shuhaiber" or "Movant") respectfully submits this memorandum of law in support of his motion for: (i) appointment as lead plaintiff pursuant to pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of his selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as lead counsel; and (iii) any other relief the Court may deem required.

## I. FACTUAL BACKGROUND

Presently pending before this Court is a securities class action lawsuit brought on behalf of A123 investors who purchased or otherwise acquired A123 securities between February 28, 2011 and October 16, 2012, inclusive (the "Class Period"), asserting claims under Section 10(b) and Section 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.

The PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Dr. Shuhaiber should be appointed lead plaintiff because he: (1) timely filed this motion; (2) to his counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Additionally, Dr. Shuhaiber's selection of Wolf Haldenstein as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. STATEMENT OF FACTS

Founded in 2001 and headquartered in Livonia, Michigan, non-party A123 designed, developed and manufactured advanced rechargeable lithium iron phosphate batteries and energy

storage systems. The Company's common stock was listed on the NASDAQ throughout the Class Period under the ticker symbol "AONE."

On September 27, 2013, Richard A. Dempsey filed an action captioned *Dempsey v. Vieau and Prystash,* No. 1:13-cv-06883-LTS in this Court. The *Dempsey* action alleges that, throughout the Class Period, defendants issued materially false and misleading statements regarding the Company's financial performance and future prospects, including failing to disclose that: (i) by February 2011, the Company's largest customer, Fisker Automotive, Inc. ("Fisker"), had failed to achieve the production milestones set by its Department of Energy ("DOE") funding agreement, which threatening Fisker's ability to pay A123; (ii) by June 2011, the DOE had suspended all disbursements to Fisker; (iii) by the fall 2011, Fisker had run out of cash and was refusing to accepting batteries from A123; (iv) A123's $20.5 million investment in Fisker's preferred stock was materially impaired; (v) the carrying value of A123's long-term grant receivable was overstated; (vi) the carrying value of accounts receivable due to A123 from Fisker was overstated; and (vii) as a result, A123 was not on track to achieve the financial results the market had been led to expect during the Class Period.

By early October 2012, A123 common shares had fallen to $ 0.27 per share from a 52-week high of $ 3.90 per share in late 2011 and a Class Period high of $ 9.68 per share on February 28, 2011. On October 16, 2012, A123 filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. On this news, the price of A123 common stock fell $ 0.18 or 74% to $ 0.06 per share.

III.   ARGUMENT

    A.   **Dr. Shuhaiber Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff "in each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the

2

Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). Pursuant to the PSLRA, the pendency of an action must be publicized in a widely-circulated, national, business-oriented publication or wire service no later than 20 days after the filing of the first complaint. § 78u-4(a)(3)(A)(i). The PSLRA further directs courts to adopt a presumption that the "most adequate" plaintiff is the person who:

> (aa)   has either filed the complaint or made a motion in response to a notice . . ;
>
> (bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Dr. Shuhaiber meets each of these requirements and he should therefore be appointed lead plaintiff.

### 1.   Dr. Shuhaiber Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). As demonstrated herein, Dr. Shuhaiber believes he has the largest financial interest among the class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff." *See id.*

Specifically, during the Class Period, Dr. Shuhaiber purchased 100,000 A123 shares at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions, and as a result he suffered financial losses of $ 38,220. *See* Nespole Decl., Ex. 2. To the best of Dr. Shuhaiber's knowledge, there are no other qualified lead plaintiff movants

with a larger financial interest. Dr. Shuhaiber therefore has the largest financial interest in this litigation and is entitled to the presumption that he is the "most adequate" plaintiff.

### 2.    Dr. Shuhaiber Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality' 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* at 173-74 (citation omitted). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class. . . .'" *Id.* at 174 (citation omitted).

Here, Dr. Shuhaiber's claims are typical because he purchased A123 shares during the Class Period at prices artificially inflated by defendants' materially false and misleading statements or omissions and suffered damages as a consequence. His claims, therefore, arise from the same common factual background as those of all other class members. *See id.* In that regard, Dr. Shuhaiber is identical to all other members of the class.

Dr. Shuhaiber is also adequate; his substantial financial interest in the outcome of this action demonstrates that his interests are perfectly aligned with those of the class. *See* Nespole Decl., Exs. 1, 2. Moreover, Dr. Shuhaiber has selected highly experienced counsel committed to

vigorously prosecuting this action to a successful conclusion.  *See* Nespole Decl., Ex. 3.  Thus, Dr. Shuhaiber satisfies the adequacy requirements of Rule 23(a)(4).

Because Dr. Shuhaiber has the largest financial interest of all class members who have timely moved for appointment as lead plaintiff and otherwise satisfies Rule 23, Dr. Shuhaiber should be appointed lead plaintiff for the consolidated action.

**B.     The Court Should Approve Dr. Shuhaiber's Choice of Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent.  Dr. Shuhaiber has selected and retained Wolf Haldenstein to serve as lead counsel for the class.  As set forth in its firm resume, Wolf Haldenstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted as lead or co-lead hundreds of securities fraud class actions, obtaining excellent recoveries on behalf of defrauded investors across the country.  *See* Nespole Decl., Ex. 3.  In fact, courts nationwide have recognized Wolf Haldenstein's qualifications to serve as class counsel in complex securities class actions, such as this case. *See In re Luxottica Group, S.p.A. Sec. Litig.*, 2004 U.S. Dist. LEXIS 21130, at *13-20 (E.D.N.Y. Oct. 22, 2004) (appointing Wolf Haldenstein lead class counsel and noting the firm's "experience and expertise"); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable"); *see also In re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal. Aug. 15, 2007) (J. Hamilton) (stating with regard to Wolf Haldenstein's performance: "You did an exceptionally good job at organizing and managing the case, assisting me in management of the case."); *K.J. Egleston L.P. v. Heartland Indus. Partners,* 2:06-13555 (E.D. Mich. June 7, 2010) (praising Wolf Haldenstein for "an outstanding job").

Thus, the Court may be confident that the class will receive the service of a firm that has provided clients in securities class actions with the highest possible quality of legal representation.

## IV. CONCLUSION

Dr. Shuhaiber has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Therefore, he respectfully requests that the Court grant his motion for appointment as lead plaintiff, approve his selection of lead counsel and grant such other relief as the Court may deem just and proper.

Dated: November 26, 2013

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/s/ Gregory M. Nespole

Gregory M. Nespole, Esq.
Thomas H. Burt, Esq.
Giti Baghban, Esq.
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600

***[Proposed] Lead Counsel***

/734375

6