UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD A. DEMPSEY, Individually and
on Behalf of All Others Similarly Situated,

    Plaintiff,

    v.

DAVID P. VIEAU and DAVID J. PRYSTASH,

    Defendants.

Case No. 1:13-cv-06883-LTS

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
STANLEY LEVIN FOR APPOINTMENT AS
<u>LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... ii

TABLE OF AUTHORITIES .................................................................................. iii

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ...................................................................................... 2

ARGUMENT ........................................................................................................... 4

I.  THE COURT SHOULD APPOINT LEVIN AS LEAD PLAINTIFF ................... 4
    A.  The Procedure Required by the PSLRA ............................................. 4
        1.  Levin Is Willing to Serve as Class Representative ....................... 5
        2.  Levin Has the Requisite Financial Interest in the Relief Sought by the Class ...................................................................... 6
    B.  Levin Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ...................................................................... 7
        1.  Levin's Claims are Typical of the Claims of all the Class Members ........... 8
        2.  Levin Will Adequately Represent the Class ................................. 9

II.  LEVIN'S CHOICE OF COUNSEL SHOULD BE APPROVED .......................... 10

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Gen. Tel. Co. v. Falcon*, 457 U.S. 147 (1982) ................................................................... 8

*In re Drexel Burnham Lambert Grp.*, 960 F.2d 285 (2d Cir. 1992) .................................. 8

*In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404 (D.N.J. 1998) ......................................... 7

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) .................... 7

*In re Party City Secs. Litig*, 189 F.R.D. 91 (D.N.J. 1999) ................................................. 7

*In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304 (S.D.N.Y. 2001) ........................... 2

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) .............................................................. 7

*Schulman v. Lumenis, Ltd.,* 2003 WL 21415287 (S.D.N.Y June 18, 2003) ...................... 7

*Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627 (D.N.J. 2002) ............................ 2

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248 (S.D.N.Y. 2003) ......... 7

*Weiss v. York Hosp.*, 745 F.2d 786 (3d Cir. 1984) ............................................................. 8

**Statutes**

15 U.S.C. § 77z-1(a)(3)(B) .................................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................................... passim

15 U.S.C. § 78u-4(e) ........................................................................................................... 8

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................... passim

Fed. R. Civ. P. 42(a) ....................................................................................................... 5, 6

**PRELIMINARY STATEMENT**

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of all persons who purchased or otherwise acquired the securities of A123 Systems, Inc. ("A123" or the "Company"), between February 28, 2011 and October 16, 2012, inclusive (the "Class Period"). The plaintiff in the Action, Richard A. Dempsey, alleges violations of the Securities and Exchange Act of 1934 (the "Exchange Act") against the David P. Vieau and David J. Prystash.[1]

Movant Stanley Levin ("Levin") lost approximately $183,874.08 as a result of the alleged fraud during the Class Period. Levin respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and (b) for approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel.

Levin believes that he has the largest financial interest in the outcome of the case.[2] As such, Levin meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Levin satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has

---

[1] Specifically, Plaintiff alleges that Defendants violated Section 10(b) of the Exchange Act and rule 10b-5 promulgated under the Exchange Act. Plaintiff also alleges that Defendants violated Section 20(a) of the Exchange Act. A123 filed for bankruptcy on or about October 16, 2012 and is not named as a defendant in the Action.

[2] Levin's certification identifying his transactions in A123 shares, as required by the PSLRA, as well as a chart identifying his losses are attached to the declaration of Nicholas I. Porritt ("Porritt Decl."), dated November 26, 2013 as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired A123 securities during the Class Period.

1

the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Levin satisfies both requirements.

## STATEMENT OF FACTS

A123 designs, develops, manufactures, and sells rechargeable lithium-ion batteries and battery systems. Compl. ¶ 6.[4] The Action alleges throughout the Class Period, Defendants made false and misleading statements pertaining to the Company's ability to meet projected financials, including but not limited to the viability of certain contracts it had with Fisker Automotive, Inc. ("Fisker Auto"). *Id.* at ¶ 73.

Defendants made these false and misleading statements over the course of the Class Period.[5] On February 28, 2011, A123 stated during an earnings call that it expected to increase production (i.e., produce "megawatt hours of capacity") to support revenue in the range of $450 million to $550 million. *Id*. at ¶ 29. On March 11, 2011, A123 filed its Form 10-K, indicating that the Company had a supply contract with Fisker Auto which would represent a significant portion of its revenue in future periods. *Id*. at ¶ 31. On May 9, 2011, A123 issued a press release notifying the public that the Company had commenced volume production of battery systems for Fisker Auto and affirming its revenue expectations. *Id*. at ¶ 36. On August 4, 2011, A123 announced its 2Q11 earnings which reported that the Company had doubled its revenue as compared to the previous quarter

---

[4] Citations to "¶ __" are to paragraphs of the Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in *Dempsey v. Vieau, et ano.* The facts set forth in the Complaint are incorporated herein by reference.
[5] Defendant Prystash became the Company's Chief Financial Officer on May 12, 2011. *Id*. at ¶ 39.

2

largely in part to its business with Fisker Auto. *Id*. at ¶ 42. On September 12, 2011, A123 presented at an investor conference, touting its past and future revenue numbers and highlighting the importance of its business with Fisker Auto.

On November 4, 2011, seemingly for the first time during the Class Period, A123 reported unfavorable earnings. Specifically, the Company reported that it was revising its revenue guidance downward by 22% due to an unexpected decrease in orders from Fisker Auto. A123's stock price declined from $3.53 on November 3, 2011, to $3.17 by the close of business on November 4, 2011.

On November 9, 2011, A123 issued a press release commenting, in part, on its revenue revisions from the week prior. The press release stated that Fisker Auto's reduction in orders was due to Fisker Auto's decision to "balance[] inventory levels" from its suppliers. *Id*. at ¶ 50. A123 also filed its Form 10-Q on November 9, 2011, stating that it anticipated business with Fisker Auto to continue to represent a significant portion of A123's future revenue. *Id*. at ¶ 52. On this news, A123's stock price dropped from $3.09 per share on November 9, 2011 to $2.97 per share on November 10, 2011.

On January 20, 2012, A123 filed a Current Report on Form 8-K indicating that it would be revising year-end projected revenue downward to $162 million from a previously disclosed range of $165 million to $180 million due to Fisker Auto's decrease in demand. *Id*. at ¶ 54.

On March 12, 2012, A123 filed its annual report for the year ended December 31, 2011. While reassuring investors in A123's future business with Fisker Auto, at the same time it noted that the Company had declined to participate in a round of stock financing with Fisker Auto. *Id*. at ¶ 59.

On May 11, 2012, A123 issued a press release announcing its 1Q12 earnings, stating that the Company's projected revenue would be approximately $10 million below expected and 40% down from 1Q11. *Id*. at ¶ 61. A123's stock price dropped from $1.12 per share on May 10, 2012, to $1.03 per share on May 11, 2012. *Id*. at ¶ 63. Over the next several months, A123 continued to decline. By early October 2012, the Company's stock price was trading at $0.27 per share and seeking protection under the United States Bankruptcy Code. *Id*. at ¶¶ 66-72, 74.

Contrary to A123's reports, A123 and Fisker Auto were aware that Fisker Auto was in serious jeopardy since as early as June 2010. *Id*. at ¶ 24. While Fisker Auto had received hundreds of millions of dollars in federal funding, it failed to achieve certain milestones pursuant to its loan agreement with the United States Department of Energy. *Id*. at ¶¶ 25-27. Due to its inability to secure continued financing, Fisker Auto halted production and was consequently unable to meet its obligations under its contract with A123. *Id*. at ¶ 28. In essence, while A123 informed investors that Fisker Auto was going to yield significant revenue, Fisker Auto was barely operating.

## ARGUMENT

**I.     THE COURT SHOULD APPOINT LEVIN AS LEAD PLAINTIFF**

    **A.     The Procedure Required by the PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for

appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Levin satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Levin is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 1. Levin Is Willing to Serve as Class Representative

On September 27, 2013, counsel in the Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against A123 and which advised putative class

members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[6] Levin has reviewed the complaint filed in the pending Action and has timely filed his motion pursuant to the Notice.

### 2. Levin Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Levin has the largest known financial interest in the relief sought by the Class. *See* Porritt Decl., Ex. B. The movant who with the largest financial interest and meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff. *See Weltz,* 199 F.R.D. at 132.

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold his shares, if he sold his shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Levin purchased A123 shares in reliance upon the materially false and misleading statements issued by Defendants, and was injured thereby. Levin suffered a substantial loss of $183,874.08. *See* Porritt Decl., Exhibit B. Levin thus has a significant financial interest in the outcome of this case. To the best of his knowledge,

---

[6] The Action was filed in this Court on September 27, 2013. Also on September 27, 2013, the Notice was published over Business Wire, a widely circulated national business oriented wire service. *See* Porritt Decl., Exhibit C.

there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### B. Levin Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz,* 199 F.R.D. at 133 (considering only typicality and adequacy on a motion as lead plaintiff); *see also In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Weinberg,* 216 F.R.D. at 252. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the

remaining requirements until the Lead Plaintiff moves for class certification. *See id.; Weltz,* 199 F.R.D. at 133; *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Levin satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### 1. Levin's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Levin plainly meets the typicality requirement of Rule 23 because (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also Milestone Scientific,* 183 F.R.D. at 414-415. Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Levin's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Levin, like the other members of the Class, acquired A123 securities during the Class Period at

8

prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Levin suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Levin satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### 2. Levin Will Adequately Represent the Class

Moreover, Levin is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

Levin's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Levin's interests and those of the Class, but Levin has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Levin's identical interest with the members of the Class, demonstrates that Levin will vigorously pursue the interests of the Class. In addition, Levin has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-

4(a)(3)(B)(v). Therefore, Levin will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Levin has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a) (3)(B) (iii)(I)(cc). In addition, because Levin has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

## II. LEVIN'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Levin has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class Action such as this one, and are well-qualified to represent the Class. *See* Porritt Decl. Ex. D (the firm resume of Levi & Korsinsky).

## **CONCLUSION**

For the foregoing reasons, Levin respectfully requests that this Court: (1) appoint Levin as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: November 26, 2013                    Respectfully submitted,

**LEVI & KORSINSKY LLP**

/s/ Nicholas I. Porritt_____
Nicholas I. Porritt
30 Broad Street
24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (866) 367-6510

*Counsel for Movant Bernard Levin*