UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. DEMPSEY, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DAVID P. VIEAU and DAVID J. PRYSTASH,<br><br>Defendants. | No. 1:13-cv-06883-LTS<br><br>ECF  Case |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SIMON GIMA
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead plaintiff movant Simon Gima ("Gima" or "Movant") respectfully submits this memorandum of law in support of his motion for appointment as lead plaintiff and approval of lead counsel in the above-captioned action.

Pursuant to the PSLRA, the person or group who possesses the largest financial interest in the litigation and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA further provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff. Movant Simon Gima believes that he is the "most adequate plaintiff" as defined by the PSLRA, based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in these related actions. Moreover, Movant otherwise satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. Accordingly, Simon Gima respectfully submits that he should be appointed lead plaintiff for the action and his selection of Glancy Binkow & Goldberg LLP – a firm with substantial expertise and experience in securities class action litigation – should be approved as lead counsel for the Class.

## I.   FACTUAL BACKGROUND

This is a securities fraud class action on behalf of all persons or entities who purchased or otherwise acquired the securities of A123 Systems, Inc. ("A123 Systems" or the "Company") between February 28, 2011 and October 16, 2012, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

A123 Systems developed, manufactured and sold advanced lithium-ion batteries and energy storage systems, including batteries and battery systems for hybrid electric vehicles. In 2010, the Company received a $249 million grant from the U.S. Department of Energy to build rechargeable automobile battery production facilities. A123 Systems' largest customer was Fisker Automotive, Inc., ("Fisker"), which also received Department of Energy funding to develop hybrid electric vehicles. As incentive to obtain the Fisker supply contract, in January 2010, A123 Systems purchased $20.5 million of Fisker preferred stock.

The Complaint alleges that during the Class Period certain executive officers and/or directors of A123 Systems made materially false and misleading statements concerning the Company's financial performance and prospects. Specifically, defendants failed to disclose that Fisker's inability to meet production milestones related to its funding agreement with the Department of Energy threatened Fisker's ability to pay A123 Systems for batteries, and that Fisker's weakening financial position was having an adverse effect on A123 Systems' own financial performance and prospects and the Company's investment in Fisker preferred stock. On October 16, 2013, A123 Systems filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code.

Plaintiff alleges that as a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II. PROCEDURAL HISTORY

This action was commenced September 27, 2013, by plaintiff Richard A. Dempsey, and on that day counsel for plaintiff published a notice on *Business Wire* announcing that a securities class action had been initiated against defendants herein. *See* Declaration of Gregory B. Linkh In

Support of Motion of Simon Gima for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Linkh Declaration") at Exhibit ("Exh.") A.

## III.   ARGUMENT

### A.   Simon Gima Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff (i) will not fairly and adequately protect the interest of the class or (ii) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. *See* 15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

As set forth herein, Simon Gima satisfies all of these criteria. Movant purchased A123 Systems securities during the putative Class Period and suffered significant financial losses as a result. Movant has complied with all of the PSLRA's requirements to be appointed lead plaintiff; he has, to the best of his knowledge, the largest financial interest in this litigation and otherwise meets the relevant requirements of Federal Rule of Civil Procedure 23, and Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, Simon Gima respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.   Simon Gima Is Making a Motion In Response to a PSLRA Notice

On September 27, 2013, plaintiff Richard A. Dempsey commenced this action by filing a class action complaint alleging violations of federal securities laws against certain of the executive officers of A123 Systems. Also on September 27, 2013, pursuant to §21D(a)(3)(A)(i) of the PSLRA, counsel for Dempsey published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants herein, and advising purchasers of A123 Systems securities that they had 60 days from the publication of the September 27, 2013, notice to file a motion to be appointed as lead plaintiff. *See Greebel v. FTP Software, Inc*., 939 F.Supp. 57, 63 (D.Mass. 1996) (Concluding that publication through an electronic wire service satisfies the PSLRA's notice requirement.).

Simon Gima files the instant motion pursuant to the September 27, 2013 notice, and within the 60-day period following publication of the notice, and submits herewith Movant's sworn certification attesting that Simon Gima is willing to serve as representative of the class

and willing to provide testimony at deposition and trial, if necessary. *See* Linkh Declaration, Exh. B. Simon Gima therefore satisfies the first PSLRA requirement, by filing a motion in response to a published PSLRA notice.

### 2. Simon Gima Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). The PSLRA does not provide a specific method for determining a movant's "financial interest," but most courts in this District consider four factors: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the movant's net class-period expenditures, and (4) the approximate losses suffered. *In re KIT Digital, Inc. Sec. Litig.*, No. 12 Civ. 4199 (VM), 2013 WL 1200324, at *2 (S.D.N.Y. March 13, 2013). The fourth factor – approximate losses – is widely considered to be the most important measure. *See Id.*; *Kaplan v. Gelfond,* 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (collecting cases).

Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff. During the Class Period, Movant purchased 355,144 shares of A123 Systems, retained 268,119 of those shares through the end of the Class Period, and suffered financial losses of $160,040. *See* Linkh Declaration, Exh. C.

Movant is not aware of any other Class member claiming larger financial losses who has filed a complaint or a motion for appointment as lead plaintiff and, consequently, Movant believes he has the largest financial interest in the relief sought by the Class. Simon Gima thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

5

### 3.     Simon Gima Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The third requirement to be appointed lead plaintiff, as set forth in Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA, is satisfied when the lead plaintiff candidate possessing the largest financial interest in the outcome of the litigation makes a preliminary showing that it "otherwise satisf[ies] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

#### a.     Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Id.* at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Simon Gima's claims are typical of the claims asserted by the putative Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by disseminating false and misleading statements concerning A123 System's financial performance and prospects. Movant, like all of the members of the Class, purchased A123 System securities at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. Accordingly, Movant's interests are closely aligned with other Class members', and his interests are, therefore, typical of the other members of the Class.

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and the movant's claims are not antagonistic to other class members' claims. *Id.* Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. In addition, Movant is not aware that any conflict exists between his claims and the other Class members' claims. Movant also sustained significant financial losses from his investments in A123 Systems stock and is, therefore, motivated to pursue the claims in this action. *See* Linkh Declaration, Exh. C.

### B. The Court Should Approve Lead Plaintiff's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiffs' lead counsel in the event he is appointed lead plaintiff. Glancy Binkow & Goldberg

LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exh. D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing Simon Gima as lead plaintiff, (b) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and (c) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: November 26, 2013        GLANCY BINKOW & GOLDBERG LLP

By:  *s/ Gregory B. Linkh*
Gregory B. Linkh (GL 0477)
Brian P. Murray (BM 9954)
122 East 42nd Street, Suite 2920
New York, New York 10168
Tel: (212) 682-5340
Fax: (310) 201-9160
Email: glinkh@glancylaw.com

    -and-

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy
Michael Goldberg
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

*Proposed Lead Counsel*

**DECLARATION OF SERVICE**

I am an attorney admitted to practice in this district. I hereby certify, under penalty of perjury, that on this 26th day of November, 2013, I caused a true and correct copy of the foregoing document to be served through this court's ECF system.

/s/ Gregory B. Linkh
Gregory B. Linkh
