**KAHN SWICK & FOTI, LLC**
KIM E. MILLER (KM-6996)
BRUCE W. DONA (BD-3730)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498

-and-

LEWIS S. KAHN
206 Covington St.
Madisonville, LA 70447
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Counsel for Movant Frank M. Rubin*
*and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. DEMPSEY, Individually And On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID P. VIEAU and DAVID J. PRYSTASH, <br><br> Defendants. | Case: 13-CV-06883-LTS <br><br> HON. JUDGE LAURA TAYLOR SWAIN |

**MEMORANDUM IN SUPPORT OF THE MOTION OF FRANK M. RUBIN TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

## PRELIMINARY STATEMENT

Frank M. Rubin ("Mr. Rubin" or "Movant") hereby moves this Court: (1) to be appointed Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (2) to approve Mr. Rubin' choice of Lead Counsel.

Mr. Rubin fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of the Motion of Frank M. Rubin to Be Appointed Lead Plaintiff and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A and Exhibit B, Mr. Rubin has suffered losses of $408,424.44 as a result of his purchases of A123 Systems, Inc. ("A123" or the "Company") securities from February 28, 2011 to October 16, 2012, inclusive (the "Class Period"). To the best of his knowledge, Mr. Rubin has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Rubin's Certification demonstrates his intent to serve as Lead Plaintiff in this matter, including his cognizance of the duties of serving in that role. *See* Miller Decl. at Exhibit A. Moreover, Mr. Rubin satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, Mr. Rubin respectfully submits this memorandum of law in support of his motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1)

1

appointing Mr. Rubin as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act, and (2) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF"), as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The above-captioned lawsuit was filed against Defendants in the Southern District of New York on September 27, 2013.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on September 27, 2013, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than November 26, 2013.  *See* Miller Decl. at Exhibit C.

Mr. Rubin is a Class Member (*see* Miller Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the September 27, 2013 Notice.

## STATEMENT OF FACTS[1]

Non-party A123 is a Delaware corporation with its principal place of business in Waltham, Massachusetts.  During the Class Period, the Company designed, developed, manufactured and sold advanced rechargeable lithium-ion batteries and battery systems.  The Company's common stock was listed on the NASDAQ throughout the Class Period, under the ticker symbol "AONE," and, as of October 1, 2012, the Company had approximately 305.7 million shares of common stock issued and outstanding. On October 16, 2012, A123 filed for protection under the bankruptcy laws. Defendant David P. Vieau ("Vieau") served as Chief Executive Officer ("CEO"), President and a director of A123 during the Class Period. Defendant David J. Prystash ("Prystash") served as Chief Financial Officer ("CFO") of A123 from May 12, 2011 through the end of the Class Period.

---

[1] These facts are derived from the Complaint in *Dempsey v. Vieau, et al.*, No. 13-CV-06883-LTS (filed 9/27/2013).

In 2010, A123 received a $249 million grant from the DOE for building rechargeable auto battery production facilities. A123 's largest customer was Anaheim, California-based Fisker Automotive, Inc. ("Fisker"), which also received hundreds of millions of dollars in DOE funding. A123 was to be the supplier for Fisker's flagship vehicle, the Karma. Unbeknownst to the investing public and known only by Fisker and A123 senior executives, by June 2010, only two months after Fisker's DOE own funding had been finalized, the DOE warned Fisker that its continued failure to achieve funding milestones threatened its ability to receive future funding from the DOE.  By February, 2011, Fisker had defaulted on its DOE loan by failing meet the production milestone of commencing the commercial roll-out of the Karma.  By June 2011, the DOE had halted funding disbursements to Fisker, citing delays in the Karma's commercial rollout.  Though Fisker ultimately commenced production and delivery of Karmas in the US in July 2011, eventually making approximately 2500 Karmas, Fisker too had already run out of money by the fall of 2011 and was then refusing to accept further battery deliveries from A123. As a result, by December 2011, A123 would lay-off 125 workers and would abandon the remaining $120 million of its own DOE grant.  Fisker would halt production of the Karma altogether in the summer of 2012 in order to seek new investors. Congressional investigations and hearings ensued on April 24, 2013, publicly disclosing for the first time that Fisker had defaulted on its DOE loan in February 2011 by failing to meet the production milestone and that as a result, the DOE had cut off funding to Fisker in June 2011.

The Class Period starts on February 28, 2011 when A123 held an earnings conference with investors to discuss A123's fiscal 2010 financial results and to provide fiscal 2011 and 2012 financial guidance.  The price of A123 's stock closed at a Class Period high of $9.48 per share on February 28, 2011. By early October 2012, the common stock of A123 was trading for $0.27

per share, down from a 52-week high of $4.44 per share in late 2011 - and a Class Period high of $9.48 per share on February 28, 2011.  Throughout the Class Period, Defendants made statements that were materially false and misleading when made as Defendants knew or recklessly disregarded adverse facts about the Company including:

(a) By February 2011, Fisker was in default on the production milestone in its funding agreement with the DOE, which threatened to terminate both Fisker's DOE funding and Fisker's ability to pay A123 for batteries and/or to fulfill the supply contract;

(b) By June 2011, the DOE had cut off further financial disbursements to Fisker, further threatening Fisker's ability to pay A123 for batteries and/or to fulfill the supply contract;

(c) By the fall of 2011, Fisker had completely run out of cash and was unwilling to accept any further deliveries of batteries from A123;

(d) A123's $20.5 million investment in Fisker's preferred stock was materially impaired, overstating A123's assets and understating its expenses and losses during the Class Period;

(e) The carrying value of A123's "[l]ong-term grant receivable" was overstated, overstating A123's assets and understating its expenses and losses during the Class Period;

(f) The carrying value of accounts receivable due to A123 from Fisker was overstated during the Class Period; and

(g) As a result of the foregoing, the Company was not on track to achieve the financial results Defendants had led the market to expect throughout the Class Period.

During the Class Period, Defendants materially misled the investing public, thereby inflating the value of the stock. The material misstatements resulted in Mr. Rubin and other members of the Class purchasing A123 securities for inflated values, thus causing damages to the Class when the truth was revealed and the price of the stock plummeted in value.

## ARGUMENT

## I. MR. RUBIN SHOULD BE APPOINTED LEAD PLAINTIFF.

### A. The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice was published notice on *Business Wire* on September 27, 2013. *See* Miller Decl. Exhibit C. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than November 26, 2013. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. . *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
>   (aa)  has either filed the complaint or made a motion in response to a notice…
>
>   (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B. Mr. Rubin is "The Most Adequate Plaintiff".

#### 1. Mr. Rubin Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff.

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A-B), expires on November 26, 2013.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (timely published on September 27, 2013), Mr. Rubin timely moves this Court for appointment as Lead Plaintiff on behalf of all members of the class.

Moreover, Mr. Rubin has sustained a substantial loss from his investment in A123 securities and has shown his willingness to represent the class by signing a Certification detailing his transactions in A123 securities during the Class Period.  *See* Miller Decl. Exhibit A.  As demonstrated by his certification, Mr. Rubin is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice.  In addition, Mr. Rubin has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class.  The firm biography of proposed Lead Counsel, Kahn Swick & Foti, LLC, is attached as Exhibit D to the Miller Declaration.

#### 2. Mr. Rubin Has the Largest Financial Interest.

During the Class Period, as evidenced by the accompanying signed certification (Miller Decl., Ex. A), Mr. Rubin purchased A123 securities in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby.  In addition, Mr. Rubin incurred a substantial loss of $408,424.44 on his transactions in A123 securities (Miller Decl. Exhibit B).  To the best of his knowledge, Mr. Rubin thus has the largest financial interest in the

relief sought. Therefore, Mr. Rubin satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. Mr. Rubin Satisfies the Requirements of Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Mr. Rubin satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### i.     Mr. Rubin's Claims are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Mr. Rubin's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Mr. Rubin and all the other Class Members (1) purchased A123 securities during the Class Period, (2) purchased A123 securities in reliance upon the allegedly materially false and misleading statements issued by Defendants, and (3) suffered damages by purchasing artificially inflated securities and then suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, Mr. Rubin' claims are typical of those of other class members since their claims and the claims of other class members resulted from the same illegal practices.

### ii.     Mr. Rubin Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met by (1) the absence of potential conflicts between the

named plaintiff and the other class members, and (2) the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Rubin is an adequate representative of the class.  As evidenced by the injuries suffered by Mr. Rubin, who purchased A123 securities at prices that were artificially inflated by Defendants' materially false and misleading statements, the interests of Mr. Rubin are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Rubin's interests and those of the other members of the class.  Furthermore, Mr. Rubin has retained competent and experienced counsel to prosecute these claims.  Mr. Rubin's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Thus, Mr. Rubin *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

## II. THE COURT SHOULD APPROVE MR. RUBIN'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent.  Mr. Rubin has selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal and state courts across the country.  *See* Miller Decl. Exhibit D.  Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest caliber.

## CONCLUSION

For all of the foregoing reasons, Mr. Rubin respectfully requests that this Court: (1) appoint Mr. Rubin to serve as Lead Plaintiff in this action; (2) approve Mr. Rubin' selection of KSF as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper

Dated: November 26, 2013                                    Respectfully submitted,


                                                                                       KAHN SWICK & FOTI, LLC


                                                                                         /s/  Kim E. Miller
                                                                                       Kim E. Miller (KM-6996)
                                                                                       Bruce W. Dona (BD-3730)
                                                                                       250 Park Avenue, Suite 2040
                                                                                       New York, NY 10177
                                                                                       Telephone:   (212) 696-3730
                                                                                       Facsimile:    (504) 455-1498

                                                                                       -and-

                                                                                       Lewis S. Kahn
                                                                                      206 Covington St.
                                                                                      Madisonville, LA 70447
                                                                                      Telephone (504) 455-1400
                                                                                      Facsimile: (504) 455-1498

                                                                                       *Counsel for Movant Frank M. Rubin and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

  I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on November 26, 2013.

                /s/ Kim E. Miller
                Kim E. Miller