```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
```

RICHARD DEMPSEY, individually and on
behalf of all others similarly situated,

        Plaintiff,

  -v-                                                No. 13 CV 6883-LTS

DAVID P. VIEAU, et al.,

        Defendants.

```
-------------------------------------------------------x
```

## MEMORANDUM OPINION AND ORDER

        A lead plaintiff was appointed on January 13, 2014, in this putative class action alleging violations of the federal securities laws, and lead counsel filed an Amended Complaint (docket entry no. 41 ("AC")) on March 27, 2014. On September 8, 2015, this Court granted Defendants' motion to dismiss the AC in its entirety, with prejudice, and ordered the Clerk of Court to close the case. (Docket entry no. 77.) On October 6, 2015, Plaintiff commenced the instant motion practice seeking relief from the Court's Judgment to reopen the case, and leave to file a Second Amended Complaint. (Docket entry no. 80-1, Proposed Second Amended Complaint ("PSAC").) The Court has considered carefully the parties' submissions and, for the following reasons, the motion for relief from the judgment is granted, the motion for leave to amend is denied, and the judgment is reinstated accordingly.

## BACKGROUND

        The Court assumes the parties' familiarity with the underlying facts of this case, which are set forth in greater detail in the prior Memorandum Opinion and Order. See Dempsey

v. Vieau, 2015 WL 5231339 (S.D.N.Y. Sept. 8, 2015) (Swain, J.).  In brief, Plaintiff alleges that Defendants, executives of A123 Systems, Inc. ("A123"), violated the federal securities laws by making material misstatements or omissions relating to A123's production of electric car batteries for a car manufacturer, Fisker Automotive, Inc. ("Fisker").  Plaintiff alleges that A123 mislead investors as to (1) the manufacture and testing of A123's batteries, which were ultimately determined to be defective; and (2) the financial health of Fisker and its related ability to purchase and pay for A123's batteries.  (See generally AC ¶¶ 2-4.)

By its Memorandum Opinion and Order dated September 8, 2015, this Court granted Defendants' motion to dismiss and requested that the Clerk of Court close this case.  (Docket entry no. 77.)  The same day, the Clerk entered judgment in favor of Defendants.  (Docket entry no. 78.)  In dismissing the case, the Court specifically identified the reasons the AC failed to state a claim.  First, the AC failed "to identify any allegedly false statements concerning the validation program or the functioning of the batteries."  Dempsey, 2015 WL 5231339, at *5.  Second, the AC's allegations regarding Defendants' knowledge about the financial health of Fisker "rest[ed] on . . . unsupported assumptions" and rendered A123's statements about Fisker's health "more consistent with lack of insight into Fisker's financial affairs than with conscious misbehavior or recklessness."  Id. at *6.  Finally, the Court found that Plaintiff failed to state a viable claim based on statements of opinion because he had not alleged that A123's statements of opinion were knowingly false at the time the statements were made, citing Fait v. Regions Fin. Corp., 655 F.3d 105, 110 (2d Cir. 2011), and Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund, 135 S. Ct. 1318 (2015).

DISCUSSION

"Once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Federal Rule of Civil Procedure 59(e) or 60(b)." National Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991). Here, Plaintiffs are entitled to an opportunity to move for leave to amend their complaint in an attempt to cure the defects in the Amended Complaint, which was dismissed by this Court for failure to state a claim. See Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 189-90 (2d Cir. 2015). Plaintiff's motion to modify the judgment is therefore granted to the extent of permitting Plaintiff's instant motion for leave to amend the AC. However, for the reasons set forth below, Plaintiff's motion for leave to amend is denied on the basis of futility.

Federal Rule of Civil Procedure 15 provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962). The Second Circuit has held that "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2d Cir. 2000). "The party opposing a motion to amend bears the burden of establishing that an amendment would be futile . . . . A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure. Ballard v. Parkstone Energy, LLC, 06 CV 13099, 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must accept as true all well-pleaded factual allegations and must draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The Court previously concluded that the allegations of the AC were insufficient to state a claim under Rule 12(b)(6) and the standard set forth in Twombly and Iqbal.  In the PSAC, Plaintiff does not identify any new material facts that were not pleaded in the AC or proffered in connection with the prior motion practice.  Indeed, Plaintiff acknowledges that his new allegations amount to "more clearly explaining why the challenged battery statements are false and misleading," (docket entry no. 81 (Defendant's Memorandum of Law in Support), at 2) and "fine tuning Lead Plaintiff's scienter allegations" (id. at 3).  The Court's careful review of the changes made in Plaintiff's PSAC demonstrates that Plaintiff is doing nothing more than presenting additional legal conclusions in his amended pleading, drawn from a slightly revised set of facts that, as discussed in greater detail below, does not cure any deficiency identified by the Court in its prior opinion dismissing the AC.  Because Plaintiffs have not demonstrated that the PSAC would state a claim, leave to amend would be futile.

As to the alleged battery defects, the PSAC contains additional arguments as to why A123's validation plan was underfunded and improperly designed, but does not allege new facts that demonstrate the falsity of Defendants' statements.  The PSAC highlights Vieau's March 8, 2012, statements about how a different validation plan than the one A123 actually used might have uncovered problems with the batteries sooner, and Plaintiffs repeatedly return to this statement in their briefing on the instant motion. (PSAC at ¶ 217.)  This statement is, however, simply a post hoc acknowledgment that A123 might have conducted better testing, and does not demonstrate that A123's prior statements were false when made.  Rather, it highlights the degree

to which Plaintiff's allegations concern possible mismanagement, at most.  Mismanagement is not actionable under the federal securities laws.  As this Court's prior opinion concluded, the allegedly false statements "concern the features and intended functions of the batteries," and Plaintiff's allegations do not "identify any allegedly false statements concerning the validation program or the functioning of the batteries."  Dempsey, 2015 WL 5231339, at *5.  The PSAC does not remedy this failing.

Similarly, as to Fisker's financial health, this Court previously held that Plaintiff failed to plead facts sufficient to address conscious misbehavior or recklessness; rather, Plaintiff's theories depended on a long and attenuated series of unsupported inferences.  Id. at *6.  The PSAC contains no new allegations of facts that remedy the unsupported nature of Plaintiff's conclusions.  By Plaintiff's own admission, the PSAC merely attempts to change the emphasis given to the facts alleged in the AC.  The PSAC's purportedly new allegations about Defendants' alleged awareness of Fisker's financial health are all matters that were of record in connection with the prior motion practice and addressed by this Court's prior opinion and order.  (Compare PSAC ¶¶ 4, 63, 88-90, 146, 309-10; with Dempsey, 2015 WL 5231339, at *6-7.)  Indeed, Plaintiff repeatedly cites paragraphs of the PSAC that are wholly unchanged from the AC in arguing for leave to amend.  (See and compare PSAC ¶¶ 75-100, with AC ¶¶ 74-99.)  The PSAC proffers no allegations warranting a change in the Court's conclusion that Plaintiff's allegations concerning Defendants' awareness of Fisker's financial issues are insufficient to support the requisite inference of scienter in light of the Defendants' simultaneous awareness of the possibility that Fisker would obtain additional funding from alternative sources.

Plaintiff's remaining basis for seeking leave to amend rests on his allegations about the timeliness of Defendants' write-downs of A123's battery inventory and its investment

in Fisker stock. In the September 8, 2015, decision, the Court held that Plaintiff's falsity allegation was unavailing because Plaintiff had failed to demonstrate that Defendants did not believe that the allegedly false statements of opinion were true at the time the statements were made. Plaintiff now argues that his allegations are viable under <u>Omnicare</u>, which held that an "opinion statement will mislead its audience" if the circumstances are such that a reasonable investor would "understand [the] opinion statement to convey facts about how the speaker has formed the opinion," when "the real facts are otherwise, but not provided." 135 S. Ct. at 1328. Plaintiff's allegations that A123 unreasonably failed to write down its investments do not, however, state such a claim. <u>Omnicare</u> holds clearly that "a statement of opinion is not misleading just because external facts show the opinion to be incorrect." <u>Id.</u> Rather, a statement is actionable if it "omits material facts about the [speaker's] <u>inquiry into or knowledge concerning</u> a statement of opinion, and if those facts conflict with what a reasonable investor would take from the statement itself." <u>Id.</u> at 1329 (emphasis added). But a statement of opinion "is not necessarily misleading when an issuer knows, but fails to disclose, some fact cutting the other way." <u>Id.</u> at 1329. This holding is fatal to Plaintiff's theory: A123's failure to disclose every fact upon which its accounting judgments were based is not an actionable omission under <u>Omnicare</u>, so long as there was in fact an accounting judgment underlying the statement at issue. Plaintiff's disagreement with the accounting conclusions in question, bolstered by a showing that there were "some fact[s] cutting the other way," is insufficient to plead an actionable omission under <u>Omnicare</u>. <u>See id.</u> The PSAC, like the AC, therefore fails to state a claim under <u>Omnicare</u> based on A123's accounting statements.

  Because the PSAC does not cure any of the pleading defects previously identified by the Court, leave to amend would be futile and is therefore denied.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion for relief from the judgment under Federal Rules of Civil Procedure 59 and 60 is granted.  Plaintiffs' motion for leave to amend their pleading is denied.  The Clerk of Court is requested to reinstate the judgment dismissing the Amended Complaint, and reclose the case.

This Memorandum Opinion and Order resolves docket entry no. 79.

SO ORDERED.

Dated: New York, New York
       June 15, 2016

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge